[Cite as *In re S.S.*, 2011-Ohio-4081.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: [S.S.], | : | |
| | : | |
| Adjudicated Delinquent Child. | : | Case No: 10CA682 |
| | : | |
| | : | |
| | : | <u>DECISION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| | : | File-stamped date:  8-12-11 |

_____

<u>APPEARANCES:</u>

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Mike Dewine, Ohio Attorney General, and Emily A. Pelphrey, Vinton County Special Prosecutor, Columbus, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}** S.S., an adjudicated delinquent child, appeals the judgment of the Vinton County Court of Common Pleas, Juvenile Division.  The juvenile court adjudicated S.S. to be delinquent for committing two counts of gross sexual imposition.  On appeal, S.S. contends that the state failed to prove the jurisdictional element of age.  As a result, S.S. argues that the juvenile court should have dismissed the case.  Because proof of S.S.'s age was adduced during the proceeding below, we disagree.  Next, S.S. contends that insufficient evidence supports his delinquency adjudication.  Specifically, S.S. claims that there is insufficient evidence of sexual arousal or gratification.  We disagree.  After viewing the evidence in a light most favorable to the state, any rational trier of fact could reasonably infer that S.S. acted with the purpose or intent of sexual

arousal or gratification. Finally, S.S. contends that the juvenile court should have merged the delinquency adjudications under R.C. 2907.05(A)(4) and R.C. 2907.05(B). We disagree for two reasons. First, the allied-offenses-of-similar-import statute does not apply to juvenile proceedings. And second, even if the merger doctrine did apply, there was no error because the juvenile court entered a single disposition for S.S. Accordingly, we overrule S.S.'s assignments of error and affirm the judgment of the juvenile court.

I.

{¶2} On July 2, 2010, S.S. and the victim both attended a party on the property of the victim's aunt (hereinafter the "Aunt"). The party was held outside, and the party guests gathered on one side of the Aunt's house. At the time of the party, S.S. was thirteen-years old, and the victim was five-years old.

{¶3} The victim attended the party with her father (hereinafter the "Father"). During the party, the Father noticed that he had not seen his daughter for awhile, so he went looking for her. The Father then saw his daughter run towards the party area from the back of the house. She was shaking and crying uncontrollably. At about the same time, S.S. also returned to the party area from the back of the house.

{¶4} The Father ran towards his daughter and asked what happened. The victim then pointed towards S.S. and kept saying "that boy." After that, the Father handed the victim to the Aunt and confronted S.S.

{¶5} The Aunt took the victim into the house. While inside, the victim said that S.S. had put his hand inside her panties and touched her. The victim also said that S.S.

had scratched her with his fingernail. Based on this information, the Aunt called the sheriff's office.

{¶6}    The Father took his daughter to the hospital, where a Sexual Assault Nurse Examiner examined her. The examination revealed fresh blood from a cut near the victim's vaginal region.

{¶7}    On August 25, 2010, a juvenile complaint charged S.S. with one count of rape, one count of gross sexual imposition under R.C. 2907.05(A)(4), and one count of gross sexual imposition under R.C. 2907.05(B).

{¶8}    On September 3, 2010, S.S. filed a "FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY" form. In that form, S.S. listed his date of birth as July 12, 1996.

{¶9}    On October 19, 2010, the juvenile court held an adjudicatory hearing. At the end of the hearing, S.S. claimed that the state failed to prove the jurisdictional element of age. As a result, S.S. argued that the juvenile court had to dismiss the case. The juvenile court, however, disagreed.

{¶10}   S.S. was adjudicated delinquent on both counts of gross sexual imposition – one count under R.C. 2907.05(A)(4) and one count under R.C. 2907.05(B). However, because there was no evidence of penetration, the juvenile court dismissed the rape count.

{¶11}   Following the dispositional hearing, the juvenile court committed S.S. "to the Ohio Department of Youth Services for a term of six (6) months up until the juvenile reaches the age of twenty-one (21)." November 10, 2010 Entry at 1. The juvenile court, however, suspended that commitment "upon the successful completion of" the Hocking Valley Community Residential Center. Id.

**{¶12}**     S.S. appeals and asserts the following three assignments of error: I. "THE STATE FAILED TO PROVE THE JURISDICTIONAL FACT OF AGE AT TRIAL."  II. "THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT ADJUDICATIONS OF DELINQUENCY."  And, III. "THE TRIAL COURT ERRED BY ADJUDICATING [S.S.] TO BE A DELINQUENT CHILD FOR TWO SEPARATE FELONY OFFENSES UPON A SINGLE ACT."

II.

**{¶13}**     In his first assignment of error, S.S. contends that the state failed to prove "the jurisdictional element of age."  Appellant's Brief at 8.  Here, S.S. does not claim to be over eighteen-years old.  Moreover, S.S. does not argue that the juvenile court actually lacked jurisdiction.  Instead, S.S. contends that the juvenile court should have dismissed the case because the state failed to prove his age.

**{¶14}**     To resolve S.S.'s argument, we must interpret and apply R.C 2151.23(A)(1).  "When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination."  *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506.  Under R.C 2151.23(A)(1), "The juvenile court has exclusive original jurisdiction * * * [c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child[.]"  A "'[c]hild' means a person who is under eighteen years of age[.]"  R.C. 2151.011(B)(5).

**{¶15}**     S.S. bases his argument on our decision in *Matter of Patrick* (May 13, 1987), Scioto App. No. 1618.  In *Patrick*, the juvenile court adjudicated a child to be delinquent.  On appeal, the child argued "that the trial court erred when it failed to grant appellant's

motion at the end of the state's case for the reason no evidence was presented as to appellant's age." Id. Although this court overruled the child's assignment of error, we agreed with his basic argument. As a result, we found the following: "'[I]n order for the juvenile court to have jurisdiction of our appellant, it was incumbent upon the State to allege *and* prove that appellant was within the age limits of its statutory jurisdiction.' * * * [Therefore, h]ad no proof of age been adduced at any time in the proceeding, a reversal would have been required[.]" Id., quoting *Miguel v State* (Tex.Civ.App.1973), 500 S.W.2d 680, 681 (emphasis sic). S.S. contends that the state did not adduce proof of his age. And for that reason, S.S. argues that the juvenile court was required to dismiss the case.

**{¶16}** The state argues that we should essentially abandon *Patrick* and follow the Sixth, Second, and Twelfth Appellate Districts. See *In re Burton S.* (1999), 136 Ohio App.3d 386, 391-92; *In re C.T.*, Montgomery App. No. 24036, 2010-Ohio-5887, at ¶11-19; *In re C.W.*, Butler App. No. CA2004-12-312, 2005-Ohio-3905, at ¶11-16.

**{¶17}** But here, we choose to reject S.S.'s argument without expressly overturning *Patrick*. First, *Patrick* notes that "age is not an element in establishing delinquency, but relates only to the jurisdiction of the court." *Patrick*, citing *In Re Fudge* (1977), 59 Ohio App 2d 129, 132. *Patrick* also states that proof of age must be "adduced at any time in the *proceeding*[.]" *Patrick* (emphasis added). Significantly, a "proceeding" is "[t]he regular and orderly progression of a lawsuit, *including all acts and events between the time of commencement and the entry of judgment.*" Black's Law Dictionary (9 Ed.2009) (emphasis added). Therefore, in a juvenile case, a proceeding encompasses more than just the adjudicatory hearing. And during the proceeding below, S.S. filed a

"FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY" form.  In that form, S.S. stated that his date of birth is July 12, 1996.  Furthermore, S.S. "certif[ied] that the information [he] provided [in his] financial disclosure form [was] true to the best of [his] knowledge."  Because of the information in this form, we find that proof of S.S.'s age was adduced during the proceeding below.

**{¶18}** Thus, we find (1) that the juvenile court adhered to *Patrick* and (2) that the requirements of R.C 2151.23(A)(1) were satisfied.  Accordingly, we overrule S.S.'s first assignment of error.

III.

**{¶19}** In his second assignment of error, S.S. contends that insufficient evidence supports his adjudication of delinquency.

**{¶20}** "We apply the same standard of review for weight and sufficiency of the evidence in juvenile delinquency adjudications as [we do] for adult criminal defendants." *In re T.R.*, Guernsey App. No. 10CA2, 2010-Ohio-4419, at ¶11, citing *In re R.G.*, Stark App. No. 2009-CA-00218, 2010-Ohio-138, at ¶10.  See, also, *In re T.C.*, Washington App. No. 09CA10, 2009-Ohio-4325, at ¶36.  Therefore, when reviewing a case to determine if the record contains sufficient evidence to support a delinquency adjudication, we must "'examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶33, quoting *State v. Jenks*

(1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.  See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 319.

**{¶21}** The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence."  *Smith* at ¶34, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  Instead, the sufficiency-of-the-evidence test "'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  *Smith* at ¶34, quoting *Jackson* at 319.  This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact."  *Smith* at ¶34, citing *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80; *State v. DeHass* (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.

**{¶22}** The juvenile court adjudicated S.S. delinquent for violating both R.C. 2907.05(A)(4) and R.C. 2907.05(B).  Under R.C. 2907.05(A)(4), "No person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."  "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."  R.C. 2907.01(B).  And under R.C. 2907.05(B), "No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

**{¶23}** Basically, S.S. makes the same argument under both R.C. 2907.05(A)(4) and R.C. 2907.05(B). That is, S.S. claims that there is insufficient evidence of sexual arousal or gratification. However, because any rational trier of fact could reasonably infer that S.S. acted with the purpose or intent of sexual arousal or gratification, we disagree.

**{¶24}** "While a touching, standing alone, may not be sufficient for a conviction, it can be strong evidence of the offender's intent." *In re Whitlock*, Ashtabula App. No. 2008-A-0018, 2008-Ohio-4672, at ¶23 (citation omitted). Furthermore, "[i]n determining whether the contact was for purposes of sexual arousal or gratification, 'the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim.'" *State v. Bradley*, Van Wert App. No. 15-10-03, 2010-Ohio-5422, at ¶57, quoting *State v. Huffman*, Seneca App. No. 13-2000-40, 2001-Ohio-2221 (other internal quotation omitted). See, also, *State v. Cobb* (1991), 81 Ohio App.3d 179, 185.

**{¶25}** In our view, any rational trier of fact could have reasonably inferred that S.S. was motivated by his own sexual arousal or gratification. Here, the evidence shows (1) that S.S. and the victim were both behind the Aunt's house, away from the other party guests; (2) that S.S. put his hand inside the victim's panties; and (3) that S.S. made contact with the victim's pubic region. Touching the victim's pubic region is strong

evidence of S.S.'s intentions. *Whitlock* at ¶23. Furthermore, in determining an offender's motivation, other courts have inferred sexual arousal or gratification from the offender being alone with the victim. See, e.g., *In re T.A.F.*, Medina App. No. 09CA0046-M, 2010-Ohio-3000, at ¶27; *State v. Roberts*, Hamilton App. No. C-040547, 2005-Ohio-6391, at ¶70. And finally, S.S. touched the victim's pubic region vigorously enough to cause injuries and bleeding. This vigorous touching supports an inference of sexual arousal or gratification. Therefore, based on his actions and attempts at secrecy, any rational trier of fact could have reasonably inferred that S.S.'s own sexual arousal or gratification motivated the contact with the victim.

**{¶26}** Thus, after viewing the evidence in a light most favorable to the state, we find that any rational trier of fact could have found all the essential elements of gross sexual imposition proven beyond a reasonable doubt – under either R.C. 2907.05(A)(4) or R.C. 2907.05(B). Accordingly, we overrule S.S.'s second assignment of error.

IV.

**{¶27}** In his third assignment of error, S.S. contends that the juvenile court should have merged the delinquency adjudications under R.C. 2907.05(A)(4) and R.C. 2907.05(B).

**{¶28}** R.C. 2941.25(A) provides: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). S.S. argues that "R.C. 2941.25(A) should have been applied" and that "[t]he adjudication should have been limited to a single delinquent offense." Appellant's Brief at 15. The state agrees with S.S. and concedes

that "the case should be remanded to the Trial court for the limited purpose of sentencing[.]"  Brief of Appellee State of Ohio at 12.  But here, we disagree with both S.S. and the state.

**{¶29}**      "Ohio Appellate Courts have held that R.C. 2941.25(A), which provides that an adult offender indicted on two or more allied offenses of similar import may be convicted of only one [of] the offenses, does not apply to juvenile delinquency matters." *In re Bowers*, Ashtabula App. No.2002-A-0010, 2002-Ohio-6913, at ¶17 (citations omitted).  See, also, *In re Skeens* (Feb. 25, 1982), Franklin App. Nos. 81AP-882 & 81AP-883.  "The allied offenses statute is inapplicable because delinquency cases do not charge juveniles with crimes, but with acts which, if committed by an adult, would constitute a crime and thereby establish the juvenile delinquent."  *In re H.F.*, Cuyahoga App. No. 94840, 2010-Ohio-5253, at ¶13 (citations omitted).  Here, we agree with these courts and find that R.C. 2941.25(A) does not apply to the present case.

**{¶30}**      Furthermore, we would find no error even if the merger doctrine did apply to juvenile proceedings.  This is so "because the trial court made only one disposition of commitment to the Department of Youth Services[.]"  *In re B.O.J.*, Franklin App. Nos. 09AP-600, 09AP-601, & 09AP-602, 2010-Ohio-791, at ¶22, citing *Skeens*.  As the Tenth Appellate District observed, "'The doctrine of merger prevents multiple convictions for the same conduct, but it does not prevent the defendant from being found guilty of multiple offenses arising out of the same conduct.  As such, a jury can return separate guilty verdicts on each offense, but the defendant can only be sentenced for one.  By analogy, the merger doctrine, to the extent that it applies to juvenile proceedings, does not prevent a juvenile court, as trier of fact, from finding that the same conduct supports

multiple delinquency findings as long as the trial court enters one disposition for all such delinquency findings resulting from the same criminal act.'" *B.O.J.* at ¶23, quoting *In re Durham* (Sept. 17, 1998), Franklin App. No. 97APF12-1653.

**{¶31}** Here, the juvenile court entered a single disposition that committed S.S. "to the Ohio Department of Youth Services for a term of six (6) months up until the juvenile reaches the age of twenty-one (21)." November 10, 2010 Entry at 1. (The juvenile court suspended S.S.'s commitment upon the successful completion of the Hocking Valley Community Residential Center.) Therefore, because it entered a single disposition for S.S., the juvenile court could not have violated the merger doctrine. See *B.O.J.* at ¶24.

**{¶32}** Accordingly, we overrule S.S.'s third assignment of error. Having overruled all of his assignments of error, we affirm the judgment of the juvenile court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.




For the Court


BY:_____
     Roger L. Kline, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**