[Cite as *In re J.F.*, 2012-Ohio-2191.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96875**

## IN RE: J.F.

## A Minor Child

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-10100868

**BEFORE:** Boyle, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANT**

Richard H. Drucker
700 West St. Clair Avenue
The Hoyt Block
Suite 214
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
BY:   William Kaczmarek
Assistant County Prosecutor
9300 Quincy Ave., 4th Floor, Room #4100
Cleveland, Ohio   44115

MARY J. BOYLE, J.:

{¶1}  Defendant-appellant, J.F.,[1] appeals the judgment of the juvenile court finding him delinquent for committing two counts of gross sexual imposition.  Finding no merit to the appeal, we affirm.

{¶2}  This case arose in January 2010, when a complaint was filed charging 17-year-old J.F. with five counts of gross sexual imposition.  At trial, the victim, ten-year-old A.G., testified as to five incidents involving J.F., her older cousin, that started in 2007 when she was seven years old and continued into the next year.  A.G. testified that the first incident occurred during a game of hide-and-seek when she was hiding in a closet in the basement of her parents' home in Parma.  According to A.G., J.F. followed her into the closet and then once seated behind her, he touched her, "moving his hand * * * around in the area of [her] private part."  A.G. reported the incident to her older sister but not her parents because she believed that J.F. would hurt her brother if she told on him.

{¶3}  A.G. further testified that the next two incidents also occurred during a game of hide-and-seek.  During these incidents, J.F. rubbed A.G.'s upper thigh while seated next to her.  A.G. again reported the events to her sister but no one else.

---

[1]  The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.

**{¶4}** The last two incidents occurred in Cleveland, after the family had moved from Parma to Cleveland. A.G. testified that while she and her sister were asleep in bed, she awoke to find J.F. in her bed asleep with his pants down. A.G. testified that she did not know if J.F. touched her.

**{¶5}** The last incident occurred after A.G. had started third grade. A.G. described this incident as follows:

> * * * I went upstairs to go see what my brothers were doing, and [J.F.] was standing there and he told me we need to talk, so he pulled me into the side closet. * * * And he was telling me about how that if I tell anybody, that he was going to hurt my brother. * * * Then he pulled me and turned me around, went to do the same thing as before, but then his brother [A.F.] called him downstairs and he got on the phone.

While using dolls to show what happened, A.G. further testified as follows: "* * * [H]e's sitting down and I'm standing this way. He gets up and pulls me over here, sits down and starts to put his hand on my thigh." A.G. stated that she was wearing shorts and a T-shirt.

**{¶6}** Conversely, J.F. testified that none of the incidents occurred as testified to by A.G. He acknowledged that he had played hide-and-seek with A.G. and her siblings but denied that he ever hid alone with A.G. or that he ever "touched" her inappropriately. He further testified that although he spent quite a bit of time at his aunt and uncle's house, he was primarily hanging out with A.G.'s older brothers and rarely spent time with A.G. He explained that he was 16 years old at the time of these alleged incidents and that A.G.'s older brothers were only a few years younger than he.

{¶7} The trial court ultimately dismissed the second, third, and fourth counts of the complaint but found J.F. to be delinquent of the first and last counts of the complaint. The trial court sentenced J.F. to community controlled sanctions until such time as the probation office files a notice of termination. The court further found that J.F. was not subject to juvenile offender registration.

{¶8} J.F. appeals, raising the following three assignments of error:

{¶9} "[I.] The trial court committed prejudicial, reversible error in violation of appellant's constitutional rights to due process and a fair trial when it allowed the state's witness to vouch for the complainant's credibility.

{¶10} "[II.] The appellant was denied his due process rights to a fair trial by the ineffective assistance of his trial counsel.

{¶11} "[III.] The verdicts returned against the defendant-appellant were against the manifest weight of the evidence."

Credibility Testimony

{¶12} In his first assignment of error, J.F. argues that the trial court erred when it allowed the state to elicit testimony vouching for the credibility of A.G. from Kristy Prochaska, a sex abuse worker with Cuyahoga County Department of Children and Family Services ("CCDCFS") who investigated the allegations of sexual abuse of A.G. He contends that Prochaska's testimony violated the Ohio Supreme Court's directive in *State v. Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220 (1989), which recognizes that it is

improper for an expert witness to vouch for the credibility of a victim's account of an incident.

{¶13} The record reveals that the state specifically asked Prochaska to detail those factors that she considers in evaluating an allegation of sexual abuse, i.e., the applicable red flags in determining whether an allegation is credible or not. The questioning, however, then developed to the state eliciting testimony as to Prochaska's opinion of A.G.'s credibility. Specifically, Prochaska testified that she "found reason to believe that this happened based on [A.G.'s] disclosure" and "didn't find any reason to believe that [A.G.] would make this up." The defense failed to object to this testimony. We therefore review this assignment of error under a plain error standard of review. *See State v. Blevins*, 152 Ohio App.3d 39, 2003-Ohio-1264, 786 N.E.2d 515, ¶ 21 (12th Dist.).

{¶14} In order to prevail under a plain error analysis, J.F. bears the burden of demonstrating that the outcome of trial clearly would have been different but for the errors. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B).

{¶15} J.F. argues that the admission of this evidence rises to plain error because there was no other evidence supporting the allegations of the complaint aside from A.G.'s testimony, which he contends was not credible based on the accounts of the other witnesses. Under *Boston*, he contends that his adjudication must be reversed and a new trial ordered.

**{¶16}** Although we find that the testimony elicited was improper, we cannot say that its admission rises to the level of plain error. First, this case was tried to a magistrate, not a jury. Under such circumstances, we presume that a trial court considers nothing but relevant and competent evidence in reaching its verdict unless the record indicates otherwise. *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, ¶ 27 (8th Dist.), citing *State v. Fautenberry*, 72 Ohio St.3d 435, 650 N.E.2d 878 (1995). Notably, this is not a scenario where the trial court overruled an objection to the admissibility of the testimony, thereby evidencing that it relied on such evidence. *See In re C.T.*, 8th Dist. No. 97278, 2012-Ohio-1644 (recognizing that the evidentiary presumption that exists in bench trial, i.e., trial judge considers only relevant and competent evidence, does not apply when the trial court overrules an objection to inadmissible evidence and fails to explain the basis of the ruling). Second, the victim testified in this case. Thus, the magistrate was able to assess A.G.'s credibility firsthand and afford the proper weight to her testimony.

**{¶17}** Conversely, in *Boston*, the case was tried to a jury and the victim herself never testified. Given these distinctions, our case does not present the same inherent risk of unduly influencing the trier of fact and infringing upon the role of the fact finder that was present in *Boston* based on the expert's testimony declaring the victim truthful in her statements. Accordingly, we find no plain error and overrule the first assignment of error.

<u>Ineffective Assistance of Counsel</u>

**{¶18}** In his second assignment of error, J.F. argues that he was denied effective assistance of counsel.

**{¶19}** In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the two-pronged test for ineffective assistance of counsel. It requires that the defendant show (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The second prong requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id.* In other words, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id.* at 694.

**{¶20}** J.F. first contends that his trial counsel was deficient for failing to object to Kristy Prochaska's testifying as an expert witness and offering her opinion as to A.G.'s credibility. While we disagree that defense counsel was deficient for failing to challenge Prochaska's qualifications as a sex abuse worker with CCDCFS, we find that defense counsel should have objected to Prochaska's testimony bolstering A.G.'s credibility. But we nonetheless cannot say that the outcome of the trial would have been different had defense counsel objected. Here, we find no reason to conclude that the trial court improperly relied on Prochaska's opinion of A.G.'s veracity given the presumption afforded in bench trials. Again, as discussed in the first assignment of error, A.G.

testified herself and the magistrate was in a position to best judge A.G.'s credibility. The magistrate obviously found A.G. credible.

**{¶21}** Next, J.F. argues that he was denied effective assistance of counsel because his trial counsel failed to object to hearsay evidence. J.F., however, fails to identify the hearsay evidence that he relies on in support of this broad statement. *See* App.R. 16(A)(7); App.R. 12(A)(2). Accordingly, we summarily reject this unsupported claim.

**{¶22}** The second assignment of error is overruled.

<u>Sufficiency and Weight of the Evidence</u>

**{¶23}** In his final assignment of error, J.F. argues that the delinquency determination is against the manifest weight of the evidence because (1) A.G.'s testimony was not credible; and (2) the state failed to present any evidence that the touching was "for the purpose of sexually arousing or gratifying either person." Although couched as a "manifest weight of evidence" argument, J.F. is actually raising both a manifest weight of the evidence and sufficiency argument so we will address both standards.

**{¶24}** When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Conversely, in reviewing a claim challenging the manifest weight of the evidence, the question to be answered is "whether

there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." *Leonard*, 104 Ohio St.3d at ¶ 81. This review entails the following:

> we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* (Internal quotes and citations omitted.)

**{¶25}** J.F. was found delinquent of gross sexual imposition, in violation of R.C. 2907.05, which provides, in part:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * *
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

**{¶26}** We will first address J.F.'s sufficiency argument. He claims that the state failed to present sufficient evidence to satisfy the meaning of sexual contact as defined under the statute. Under R.C. 2907.01(B), "'[s]exual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." J.F. argues that there was no evidence demonstrating that he "touched" A.G. for the purpose of sexual arousal or gratification. We disagree.

**{¶27}** "[W]hether the defendant acted with the purpose to sexually arouse or gratify either person 'is a question of fact to be inferred from the type, nature, and circumstances of the contact.'" *In re Redmond*, 3d Dist. No. 1-06-90, 2007-Ohio-3125, at ¶ 8. (Citations omitted.) "While a touching,

standing alone, may not be sufficient for a conviction, it can be strong evidence of the offender's intent." *State v. Griffiths*, 11th Dist. No. 2000-T-0131, 2002 WL 5307 (Dec. 28, 2001), citing *In re Anderson*, 116 Ohio App.3d 441, 444, 688 N.E.2d 545 (12th Dist.1996). Finally, a trier of fact may infer from the evidence presented that the motivation for a defendant's actions was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. *State v. Cobb*, 81 Ohio App.3d 179, 185, 610 N.E.2d 1009 (9th Dist.1991).

{¶28} The evidence at trial revealed that J.F. touched A.G. in her pubic region while alone with her in a closet during a game of hide-and-seek. A.G. testified that J.F. sought her out two additional times during a game of hide-and-seek and rubbed her upper thigh. In the last incident, A.G. testified that J.F. again touched her thigh like he had done before after warning her not to tell anyone about the touching.

{¶29} We find that the evidence of J.F. touching A.G. while alone in a closet coupled with his admonition not to tell anyone is sufficient for the trier of fact to reasonably infer that the touching was for the purpose of sexual arousal or gratification. Indeed, this was not a case of accidental touching or some type of innocent contact. Under similar circumstances, other courts have found that such evidence is enough for the trier of fact to reasonably infer that the defendant's purpose was for sexual arousal or gratification. *See, e.g., In re S.S.*, 4th Dist. No. 10CA682, 2011-Ohio-4081 (evidence of defendant being alone with the victim away from the other party guests while touching victim inside her panties was enough to infer defendant's purpose for touching); *In re S.C.T.*, 12th Dist. No. CA2004-04-095, 2005-Ohio-2498 (defendant's touching of the

victim's penis while alone in the bedroom was sufficient evidence to establish purpose element).

{¶30} We next turn to J.F.'s claim that his delinquency finding is against the manifest weight of the evidence because A.G.'s testimony was not credible. But the magistrate heard A.G.'s testimony and was in the best position to evaluate her credibility. We cannot say that the trier of fact "clearly lost its way" simply because it found A.G. more credible than J.F.

{¶31} Accordingly, the final assignment of error is overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR