[Cite as *In re C.D.B*, 2012-Ohio-4911.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

IN RE: : Case No: 12CA8

C.D.B. & T.E.B.,

Adjudicated abused, neglected : DECISION AND
& dependent children. : JUDGMENT ENTRY

Filed: October 17, 2012

---

APPEARANCES:

Sher Black, Jackson, Ohio, for Appellant Mother.

Dana E. Gilliland, Wellston, Ohio, for Appellee Father.

Joshua D. Price, Jackson, Ohio, for C.D.B.

Timothy E. Forshey, Jackson, Ohio, for Jackson County Job and Family Services.

Trecia Kimes-Brown, McArthur, Ohio, Guardian Ad Litem.

---

Kline, J.:

{¶1} Mother appeals the judgment of the Jackson County Court of Common Pleas, Juvenile Division. The juvenile court found that C.D.B. (hereinafter "Son") and T.E.B. (hereinafter "Daughter") are abused children under R.C. 2151.031. (We will refer to Son and Daughter collectively as the "Children.") On appeal, Mother claims that the finding of abuse is against the manifest weight of the evidence. We disagree. After reviewing the record, we find competent, credible evidence (1) that Son and Daughter were the victims of sexual activity and (2) that the sexual activity in question would constitute the offense of gross sexual imposition. As a result, the juvenile court did not

err in finding that the Children are abused under R.C. 2151.031(A), and we affirm the juvenile court's judgment.

I.

{¶2}   Son is ten-years old, and daughter is five-years old. After Mother and Father were divorced, Mother married Stepfather.

{¶3}   While at Father's home, Son licked Daughter's genital area. Daughter told Father about this incident, causing Father to confront Son. This confrontation prompted Son to tell Father about several incidents that had occurred at Mother's home.

{¶4}   Son revealed that Mother had initiated several encounters related to sexuality. Specifically, Son claimed that Mother had (1) discussed with Son whether Son might be gay, (2) made Son look at erotic pictures on the internet, and (3) pulled down Son's pants to inspect his pubic hair. Son also claimed that Mother had forced him to touch Daughter's chest and pubic region.

{¶5}   Before the incident at Father's home, Son and Stepfather were involved in a disturbing incident. Apparently, Stepfather and two young girls participated in binding Son with duct tape. During this incident, Stepfather retrieved a bra, and one of the participants placed the bra on Son. Stepfather then took pictures that show Son being bound in duct tape while wearing the bra. These pictures were eventually posted on facebook.

{¶6}   Jackson County Job and Family Services (hereinafter "Family Services") investigated the incidents involving Son, Daughter, Mother, and Stepfather. And on March 23, 2012, Family Services filed a complaint alleging that the Children are abused, neglected, and dependent.

{¶7}   The juvenile court held hearings on May 10, 2012, and May 31, 2012. Son testified at length during both hearings.  Several other witnesses also testified, including Stepfather, a Family Services investigator, and a Ross County Sheriff's detective.

{¶8}   On June 15, 2012, the juvenile court found the following:

Based upon the evidence presented, the Court finds as follows:

1. [Son] and [Daughter] are sexually abused children as defined in O. R. C. 2151.031(a) & (b) [sic].

2. That [Son] was sexually abused by [Mother] and [Stepfather].

3. That [Daughter] was sexually abused by [Son] and [Mother].  June 15, 2012 Order.

In its findings of fact, the juvenile court found that Son "was the victim of sexual abuse as represented in State's Exhibits 3 and 4, those exhibits being photographs of [Son] restrained with duct tape and a lady's bra placed on the outside of his clothing."  June 15, 2012 Findings of Fact at 2.  The juvenile court also found the following: "[T]he mother supervised an incident that took place at her home in which she directed [Son] to touch his sister under her shirt and to brush her pubic area with his hand.  As a result, both children are victims of sexual abuse at the hands of their mother."  *Id.* at 3.

{¶9}   On July 13, 2012, the juvenile court granted temporary custody of Son and Daughter to Father.

**{¶10}** Mother appeals and asserts the following assignments of error: I. "THE TRIAL COURT ERRED IN FINDING THAT DUCT TAPING INCIDENTS INVOLVING C. D. B. CONSTITUTED SEXUAL ABUSE AS DEFINED IN O.R.C. 2151.031(A) & (B) AS SUCH FINDING WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE THAT A CRIMINAL OFFENSE HAD OCCURRED AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." And II. "THE TRIAL COURT ERRED IN FINDING THAT C.D.B. AND T.E.B. HAD BEEN SEXUALLY ABUSED BY THEIR MOTHER AS SUCH FINDING WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE THAT A CRIMINAL OFFENSE HAD OCCURRED AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II.

**{¶11}** We will address Mother's second assignment of error out of order. In her second assignment of error, Mother contends that the juvenile court's finding of abuse under R.C. 2151.031(A) is against the manifest weight of the evidence.

**{¶12}** In a recent opinion, our colleagues in the Sixth Appellate District discussed the appropriate standard of review for this type of case. *See In re A.C.*, 6th Dist. No. L-10-1025, 2010-Ohio-4933, ¶ 40.

> That a child is an abused, neglected, or dependent minor
> must be established by clear and convincing evidence. R.C.
> 2151.35(A). Clear and convincing evidence is that measure
> or degree of proof which is more than a mere preponderance
> of the evidence, but does not reach the extent of the
> certainty required to establish "beyond a reasonable doubt"

in criminal cases. It is that quantum of evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re G.S.*, 10th Dist. No. 05AP-1321, 2006-Ohio-2530, ¶ 4, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469[, 477, 120 N.E.2d 118]. When reviewing a trial court's decision on the manifest weight of the evidence, appellate courts are guided by the presumption that the findings of the trial court [are] correct. *In re Williams,* 10th Dist. No. 01AP-867, 2002-Ohio-2902, ¶ 9. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230[, 227 N.E.2d 212], paragraph one of the syllabus. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80[, 461 N.E.2d 1273]. Thus, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279[, 376 N.E.2d 578], paragraph one of the syllabus.

*In re A.C.*, 2010-Ohio-4933, at ¶ 40

> **{¶13}** Under R.C. 2151.031(A),
>
>> [A]n "abused child" includes any child who * * * [i]s the victim
>>
>> of "sexual activity" as defined under Chapter 2907. of the
>>
>> Revised Code, where such activity would constitute an
>>
>> offense under that chapter, except that the court need not
>>
>> find that any person has been convicted of the offense in
>>
>> order to find that the child is an abused child[.]

"'Sexual activity' means sexual conduct or sexual contact, or both." R.C. 2907.01(C). And "'[s]exual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

> **{¶14}** We believe that competent, credible evidence supports the juvenile court's finding that the Children were the victims of sexual activity. Furthermore, the sexual activity in question would constitute the offense of gross sexual imposition. R.C. 2907.05(A)(4) provides that

>> [n]o person shall have sexual contact with another, not the
>>
>> spouse of the offender; cause another, not the spouse of the
>>
>> offender, to have sexual contact with the offender; or cause
>>
>> two or more other persons to have sexual contact when * * *
>>
>> [t]he other person, or one of the other persons, is less than

thirteen years of age, whether or not the offender knows the age of that person.

**{¶15}** Here, there is competent, credible evidence that Mother caused Son to have sexual contact with Daughter.  Son testified to the following:

[SON]:  Yeah.  I was on the computer playing a game and mom said, let's go into your room, so I said ok.  And we was walking down the hall and she got Sis, my sister out of her room…

ATTORNEY FORSHEY:  That would be [Daughter].

[SON]:  Yeah, she said come here [Daughter].  And she said ok and we went to my room.  And I have a bunk bed and me and mom set down [sic] on the bottom bunk so mom grabbed my hand and I was trying to get free with my free hand until my fingers were starting to turn red so I gave up.  Mom was…mom made me touch Sis near her belly button area under her shirt…

ATTORNEY FORSHEY:  Now where was your sister at that point?

[SON]:  She was standing up right in front of me.

ATTORNEY FORSHEY:  So if I understand you right, you were on the bunk bed, you were sitting on the bunk bed?  Where was your mother?

[SON]:  She was sitting beside me.

ATTORNEY FORSHEY:  Ok, and your sister is like standing in front of you?

[SON]:  Yeah.

ATTORNEY FORSHEY:  Ok, what happened after that?

[SON]:  She took my hand…[Daughter] said that tickles and so she was pushing my hand up towards [Daughter's] chest area.  I tried to get free with my other hand again until my fingers started to turn red and it was over her shirt.  She made me touch up near [Daughter's] chest area over her shirt.

ATTORNEY FORSHEY:  That's over her shirt, not under her shirt?

[SON]:  Yeah.

ATTORNEY FORSHEY:  Anything else happen?

[SON]:  She told [Daughter] to lay down and [Daughter] laid down.

ATTORNEY FORSHEY:  And how was [Daughter] laying down?  Was she on her stomach or on her back?

[SON]:  She was just laying down on her back.

ATTORNEY FORSHEY:  Ok…

[SON]:  And when she laid down on her back, [Daughter]…mom pulled down her pants and she took my hand and made me skim over her lower private area and

[Daughter] had her hands over her eyes and she wasn't watching and she done…she made me skim over [Daughter's] private area and she told us not to tell anybody or she was going to get one of [Stepfather's] tools to hurt us with and she told us she was going to have somebody to watch us.  May 10, 2012 Transcript at 20-23.

{¶16} Thus, according to Son's testimony, Mother caused Son to touch Daughter's erogenous zones.  This testimony is competent, credible evidence that the touching occurred.  *See In re A.W., Za.W., H.W.*, 4th Dist. No. 04CA27, 2004-Ohio-5351, ¶ 22.  Mother argues, however, "there was no evidence that the mother's intent was to sexually arouse or gratify either person."  (Internal quotation omitted because no citation is referenced.)  Appellant's Brief at 13.  We disagree.  "There is no requirement * * * that there be direct testimony regarding sexual arousal or gratification."  *State v. Edwards*, 8th Dist. No. 81351, 2003-Ohio-998, ¶ 22.  And here, the evidence permits a reasonable inference that the touching was sexually motivated.  *See id.* at ¶ 22-24; *In re S.S.*, 4th Dist. No. 10CA682, 2011-Ohio-4081, ¶ 23-25; *In re J.F.*, 8th Dist. No. 96875, 2012-Ohio-2191, ¶ 26-29.  First, touching another person's pubic region is strong evidence of a sexual purpose.  *See In re S.S.*, 2011-Ohio-4081, at ¶ 25, citing *In re Whitlock*, 11th Dist. No. 2008-A-0018, 2008-Ohio-4672, ¶ 23.  Moreover, the touching occurred after several other incidents related to sexuality.  Son testified that Mother spoke to him about same-sex relationships, telling Son that it is "ok to like guys[.]"  May 10, 2012 Transcript at 14.  Son also testified that Mother showed him erotic pictures on

the internet.  Finally, Son testified that mother had pulled down his pants to inspect his pubic hair.  Son described what happened during this incident.

> [SON]:  * * * And so she pulled down my pants and she seen the hair and she took her finger and was rubbing across it.
>
> ATTORNEY FORSHEY:  Can you show me like on the arm of the…this thing here what you mean by she rubbed across it?
>
> [SON]:  Just gently.
>
> ATTORNEY FORSHEY:  And did she say anything or do anything when she did that?
>
> [SON]:  No.
>
> ATTORNEY FORSHEY:  Did anything happen to you when she did that?
>
> [SON]:  Yeah.
>
> ATTORNEY FORSHEY:  What happened to you?
>
> [SON]:  My private area got, um, got a little hard.
>
> ATTORNEY FORSHEY:  And did she say anything about that?
>
> [SON]:  No.
>
> ATTORNEY FORSHEY:  Did she see that?
>
> [SON]:  Yeah.  May 10, 2012 Transcript at 18-19.

{¶17}  Because Son's touching of Daughter occurred as part of a pattern of incidents related to sexuality, the juvenile court could have reasonably inferred that

Mother caused Son to touch Daughter for the purpose of sexual gratification. Accordingly, we find competent, credible evidence (1) that the Children were the victims of sexual activity and (2) that the sexual activity in question would constitute the offense of gross sexual imposition. Therefore, the juvenile court did not err in finding that R.C. 2151.031(A) applies to the present case.

{¶18} In conclusion, we affirm the juvenile court's finding that the Children "are victims of sexual abuse at the hands of their mother," and we overrule Mother's second assignment of error.

III.

{¶19} Based on our resolution of Mother's second assignment of error, we find that Mother's first assignment of error is moot. *See* App.R. 12(A)(1)(c). We have affirmed the juvenile court's finding that the Children were sexually abused by Mother. Therefore, even if we were to sustain Mother's first assignment of error, we would still be affirming the juvenile court's finding of abuse under R.C. 2151.031(A). Accordingly, we need not address Mother's first assignment of error.

{¶20} Having overruled Mother's relevant assignment of error, we affirm the juvenile court's judgment.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and McFarland, J.:  Concur in Judgment & Opinion.


For the Court


BY:_____
        Roger L. Kline, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**