OPINION
{¶ 1} The defendant-appellant, Nicholas Redmond, appeals the judgment of the Allen County Common Pleas Court, Juvenile Division, finding him to be a juvenile delinquent.
 {¶ 2} On March 30, 2004, Redmond was charged with two counts of sexual imposition, violations of R.C. 2907.06(A)(1), misdemeanors of the third degree. These charges were the result of Redmond's inappropriate behavior in school. Specifically, the state alleged that Redmond put his hand up the skirt of the victim, M.C., and touched her vaginal area while they were walking in the halls of their school between classes. The students were seventeen years old and attended Shawnee High School. Later that day, Redmond engaged in similar activity with the same victim; however, he succeeded only in touching M.C.'s posterior or her thigh.
 {¶ 3} On July 29, 2004 and September 2, 2004, trial was held before the magistrate.[1] The state presented evidence from the victim and five of her classmates, each of whom witnessed at least one of the incidents. Redmond testified on his own behalf and presented the testimony of a classmate, who had previously testified on behalf of the state, and the school's assistant principal. At the close of the evidence, the magistrate took the matter under advisement. *Page 3 
 {¶ 4} In a decision filed on September 23, 2004, the magistrate found Redmond to be a juvenile delinquent. The magistrate found that the state had met its burden as to count one, and that as to count two, it had met its burden in proving the lesser included offense of attempted sexual imposition, a violation of R.C. 2907.06(A)(1) and 2923.02, a fourth-degree misdemeanor. On October 12, 2004, Redmond filed a motion to stay disposition so he could file objections to the magistrate's decision. He also requested an extension for filing his objections in order to obtain a transcript. The court granted Redmond's motions on October 13, 2004, allowing him 14 days after the completion of the transcript to file his objections.
 {¶ 5} The trial transcript was filed on January 20, 2005. Redmond timely filed his objections on February 3, 2005, and the state responded on February 11, 2005. Without explanation as to the delay, the juvenile court filed its judgment entry 19 months later, overruling Redmond's objections, ordering him to stay away from the victim, and ordering him to pay court costs. Redmond filed a notice of appeal on October 6, 2006, raising one assignment of error for our review.
 Assignment of Error The trial court committed an error of law in finding the evidence was sufficient to support the delinquency adjudications. *Page 4 
 {¶ 6} "The appropriate standard of review in determining whether there was sufficient evidence presented to the trial court to support a juvenile court's adjudication of delinquency is the same as the one used in adult criminal cases." In re A.L., 12th Dist. No. CA2005-12-520,2006-Ohio-4329, at ¶ 11, citing In re Washington, 81 Ohio St.3d 337,339, 1998-Ohio-627, 691 N.E.2d 285. In reviewing a claim under the sufficiency of the evidence standard, an appellate court must determine "`whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v.Bridge, 3rd Dist. No. 1-06-30, 2007-Ohio-1764, quoting State v.Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355,684 N.E.2d 668.
 {¶ 7} Redmond was charged with a violation of R.C. 2907.06(A)(1), which states: "No person shall have sexual contact with another, not the spouse of the offender; * * * when any of the following applies: The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard." Redmond contends there was insufficient evidence to prove sexual contact beyond a reasonable doubt. "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, *Page 5 
genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying eitherperson." (Emphasis added). R.C. 2907.01(B).
 {¶ 8} "A person acts purposely when it is his specific intention to cause a certain result," which in this case, would be sexual arousal or sexual gratification of either the offender or the victim. R.C.2901.22(A). The Revised Code does not define "sexual arousal" or "sexual gratification." In re A.L., at ¶ 18, citing In re Anderson (1996),116 Ohio App.3d 441, 443, 688 N.E.2d 545. Therefore, to determine whether a defendant acted with purpose to sexually arouse or gratify either person, "`the proper method is to permit the trier of fact to [make inferences] from the evidence presented at trial.'" Id., at ¶ 19, quoting State v. Cobb (1991), 81 Ohio App.3d 179, 185, 610 N.E.2d 1009. Direct testimony of sexual arousal or gratification is not required, and may not be available. Id., quoting State v. Meredith, 12th Dist. No. CA2004-06-062, 2005-Ohio-62, at ¶ 13 (internal citations omitted). Therefore, whether the defendant acted with the purpose to sexually arouse or gratify either person "is a question of fact to be inferred from the type, nature, and circumstances of the contact." Id., at ¶ 20, citing Meredith at ¶ 13, citing Anderson at 443-444; State v. Mundy
(1994), 99 Ohio App.3d 275, 289, 650 N.E.2d 502. *Page 6 
 {¶ 9} The trial testimony shows that Redmond was walking behind M.C. after lunch, and there was at least a small audience of students. Although each witness revealed slight variations in the facts, the testimony was consistent that Redmond lifted M.C.'s skirt, and according to M.C, touched her "female reproductive area." The testimony was consistent that M.C. confronted Redmond, who chuckled and made some sort of an apology and excused his behavior by stating he thought she was somebody else. As to the second incident, the testimony was clear that Redmond sought out M.C. when he lifted her skirt, and according to several witnesses, touched her upper thigh or buttocks. There was some conflict as to whether Redmond used his book or his hand when he lifted M.C.'s skirt. On his own behalf, Redmond testified that he was "playing around" and thought it was a joke to lift M.C.'s skirt the second time. He also testified that he was not thinking in a sexual manner.
 {¶ 10} The magistrate stated, "[t]his hearing officer cannot imagine any other purpose motivating a person to touch someone's `reproductive area' apart from that person's desire to arouse or gratify himself or the other person." Although the magistrate cannot think of any other reasons for this behavior, this court can. M.C. testified that she was shocked, upset, and embarrassed. Redmond's intent may have been to shock, upset, and/or embarrass the victim, particularly when she chastised him after the first incident. He may have been *Page 7 
trying to make a joke, albeit a bad one. He may have been trying to impress his friends with crass behavior. There are many reasons why Redmond may have engaged in this behavior other than for sexual arousal or sexual gratification. In fact, the assistant principal testified that Redmond was known to be somewhat of a "clown." Furthermore, unlike many sexual offenses, which occur in private or semi-private settings, the evidence was clear that Redmond reached under M.C.'s skirt in the hallways of a public high school between classes and when his friends and her friends were present.
 {¶ 11} On this record, no reasonable juror could have found the element of sexual contact proven beyond a reasonable doubt because there was insufficient evidence pertaining to Redmond's purpose to sexually arouse or gratify himself or M.C. . The sole assignment of error is sustained.
 {¶ 12} The judgment of the Allen County Common Pleas Court, Juvenile Division, is reversed.
Judgment reversed and cause remanded.
ROGERS, P.J., concurs.
[1] Trial was scheduled in this manner because one witness, who had been subpoenaed by both the state and the defense, failed to appear.