OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Dustin Whitlock, appeals the judgment entered by the Juvenile Division of the Ashtabula County Court of Common Pleas. The trial court found Whitlock to be a delinquent child, due to his commission of the offense of gross sexual imposition. The trial court committed Whitlock to the Department of Youth Services for an indefinite period ranging from six months to until he reaches his 21st birthday. *Page 2 
 {¶ 2} In the summer of 2007, the victim[1] was 11 years old. At that time, Whitlock was 14 years old. On July 30, 2007, the victim spent the night at the home of her friend, B.S. J.R. is B.S.'s brother. Whitlock was also spending the night at B.S.'s home, as he was J.R.'s friend. S.R. is B.S.'s mother. S.R. was not home on the night in question; instead, a babysitter named Heather was watching the children.
 {¶ 3} That night, the victim slept on a couch in the living room, and B.S. also slept in the living room. When the victim and B.S. fell asleep, J.R. and Whitlock were in the upstairs portion of the house, in J.R.'s bedroom. Soon after she fell asleep, the victim was woken up by Whitlock, who had his hand up her pant leg and into her underwear and was touching her "private spot." Whitlock told the victim to go upstairs to the bathroom. Instead, the victim ran upstairs and hid in a closet. Whitlock returned to J.R.'s bedroom.
 {¶ 4} After the initial incident, the victim returned to the couch in the living room and fell back asleep. However, she was again awoken by Whitlock placing his hand up her pant leg and into her underwear. Whitlock heard a noise and stopped touching the victim. The victim ran and hid in the closet again. Then, the victim had to use the restroom, so she left the closet and went to the bathroom. At that time, Whitlock was coming up the stairs. The victim threw a hairdryer at Whitlock and ran back downstairs. The victim watched a movie in the living room. The victim stated that Whitlock started to come down the stairs a third time, but S.R. came home, and Whitlock ran back upstairs. The victim pretended to be asleep, because she was afraid to tell S.R. what happened at that time. *Page 3 
 {¶ 5} After the first incident, the victim could not find Heather, the babysitter. After the second incident, the victim testified that she attempted to wake up Heather, but her efforts were not successful.
 {¶ 6} The following day, the victim told S.R. about the incidents with Whitlock. S.R. called the victim's mother, who contacted the police. The victim went to the Ashtabula Police Station and gave a report of the incident to Patrolman Rodney Blaney. After taking the report, Patrolman Blaney, along with an Ashtabula County Deputy Sheriff, went to a separate residence in Ashtabula County and arrested Whitlock.
 {¶ 7} As a result of these events, a complaint was filed in the Juvenile Division of the Ashtabula County Court of Common Pleas, which alleged Whitlock to be a delinquent child. The complaint alleged that Whitlock committed gross sexual imposition, in violation of R.C. 2907.05(A)(4), which is a felony of the third degree if committed by an adult, and abduction, in violation of R.C. 2905.02(A)(2), which is a felony of the third degree if committed by an adult. Whitlock pled not true to the charges set forth in the complaint.
 {¶ 8} The matter was heard before the juvenile court magistrate. The victim and Patrolman Blaney testified for the state. Following the state's case-in-chief, Whitlock moved to dismiss the charges pursuant to Juv. R. 29.[2] The magistrate overruled Whitlock's Juv. R. 29 motion. Whitlock did not present any evidence. Whitlock renewed his Juv. R. 29 motion. *Page 4 
 {¶ 9} On November 1, 2007, the magistrate issued a decision. The magistrate found that the state had not proven the element of abduction, so she granted Whitlock's Juv. R. 29 motion on the abduction count. However, the magistrate found that Whitlock committed the offense of gross sexual imposition. The matter was deferred for a dispositional hearing.
 {¶ 10} On November 5, 2007, a dispositional hearing was held. That same day, the magistrate issued a decision, wherein she committed Whitlock to the Ohio Department of Youth Services for an indefinite period ranging from six months to his 21st birthday. On November 8, 2007, the trial court adopted the magistrate's decision, including the magistrate's dispositional recommendation.
 {¶ 11} On November 15, 2007, Whitlock filed objections to the November 1st and 5th magistrate's decisions. On February 26, 2008, in two separate judgment entries, the trial court overruled Whitlock's objections to the magistrate's decisions, adopted the magistrate's decisions, and declared Whitlock a delinquent child based on his commission of the offense of gross sexual imposition.
 {¶ 12} Whitlock has timely appealed the trial court's judgment to this court. Whitlock raises the following assignment of error:
 {¶ 13} "The court's finding of gross sexual imposition was against the manifest weight of the evidence."
 {¶ 14} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 15} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in *Page 5 
resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"State v. Thompkins (1997), 78 Ohio St.3d 380, 387. (Citations omitted.)
 {¶ 16} Whitlock was charged with committing gross sexual imposition, in violation of R.C. 2907.05, which provides, in part:
 {¶ 17} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 18} "* * *
 {¶ 19} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 20} The victim testified that she was 11 years old at the time of the offense. Whitlock does not dispute the victim's age on appeal.
 {¶ 21} "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 22} The victim testified that Whitlock, on two occasions, touched her "private spot" by placing his hand up her pant leg and into her underwear. Thus, there was *Page 6 
evidence presented that Whitlock touched an erogenous zone of the victim, to wit: her thigh, her genitals, and/or her pubic region.
 {¶ 23} Next, we will examine the evidence presented regarding Whitlock's purpose. "[W]hether the defendant acted with the purpose to sexually arouse or gratify either person `is a question of fact to be inferred from the type, nature, and circumstances of the contact.'"In re Redmond, 3d Dist. No. 1-06-90, 2007-Ohio-3125, at ¶ 8. (Citations omitted.) While a touching, standing alone, may not be sufficient for a conviction, it can be strong evidence of the offender's intent.State v. Griffiths (Dec. 28, 2001), 11th Dist. No. 2000-T-0131, 2001 Ohio App. LEXIS 6003, at *8, citing In re Anderson (1996),116 Ohio App.3d 441, 444. Finally, a trier of fact may "infer from the evidence presented that the motivation for a defendant's actions was sexual arousal or gratification." Id., citing State v. Cobb (1991),81 Ohio App.3d 179, 185.
 {¶ 24} In this matter, the victim testified that Whitlock placed his hand up her pant leg and into her underwear on two separate occasions. The fact this conduct occurred twice suggests that Whitlock's conduct was not accidental. Moreover, the victim testified that Whitlock told her that he "wanted to put his dick in [her] pussy." This vulgar, yet descriptive, language clearly suggests that Whitlock's actions were for the purpose of sexual gratification. Finally, the victim testified that Whitlock made a gesture by forming a circle with one of his hands and moved a finger from his other hand in and out of the circle. Whitlock's gesture is further evidence that motivation for his actions was sexual arousal or gratification.
 {¶ 25} The state presented sufficient evidence on all the elements of gross sexual imposition. *Page 7 
 {¶ 26} Whitlock argues that the victim was not a credible witness. We note the weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier-of-fact to decide.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Also, in assessing the witnesses' credibility, the magistrate, as the trier-of-fact, had the opportunity to observe the witnesses' demeanor, body language, and voice inflections. State v. Miller (Sept. 2, 1993), 8th Dist. No. 63431, 1993 Ohio App. LEXIS 4240, at *5-6. Thus, the magistrate was "clearly in a much better position to evaluate the credibility of witnesses than [this] court." Id.
 {¶ 27} Whitlock contends the victim's testimony was not credible because she did not tell anyone what happened until the next day. At the time of the incident, the victim was an 11-year-old girl who was the victim of a sexual attack. She testified that the reason she did not report the incident to S.R. on the night in question was that she was "too scared." Accordingly, the fact that the victim did not report the sexual contact until the next day does not make her testimony incredible.
 {¶ 28} Whitlock notes that the victim testified that Whitlock touched her by placing his hand up her pant leg, not by placing his hand "down through the top of her pants." There is no evidence in the record regarding the length of the victim's pants or how loose-fitting the pants were. Accordingly, we cannot say that it was impossible for Whitlock to put his hand up the victim's pant leg and touch her pubic region.
 {¶ 29} Finally, Whitlock points out that the hairdryer did not wake anyone up. There was no evidence presented as to whether the hairdryer landed on carpeting or solid flooring, the exact proximity of the other people in the house to the location the hairdryer landed, or how sound of sleepers the individuals in the house were. Thus, we *Page 8 
cannot say the victim's testimony is not credible merely because no one woke up when she threw the hairdryer.
 {¶ 30} Whitlock's assignment of error is without merit.
 {¶ 31} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
[1] For purposes of this appeal, we will refer to the minor victim without using her name. In addition, we will refer to other individuals by their initials.
[2] The Rules of Juvenile Procedure do not have a rule that is analogous to Crim. R. 29(A), which mandates the trial court to enter a judgment of acquittal if the state fails to provide sufficient evidence to support the charged offense. The closest counterpart is Juv. R. 29(F)(1), which permits the juvenile court to dismiss a complaint if the allegations are not proven. See In re Barchet, 3d Dist. Nos. 5-02-27, 5-02-28, 5-02-29, 5-02-30, 5-02-31, 5-02-32, 2002-Ohio-5420, at ¶ 28. *Page 1