[Cite as *State v. Hanna*, 2024-Ohio-4737.]

STATE OF OHIO        )          IN THE COURT OF APPEALS
)ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 31047 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH HANNA | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CRB 23 1267 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant Joseph Hanna appeals his conviction from the Barberton Municipal Court. This Court affirms.

I.

{¶2} On June 22, 2023, Hanna was charged with sexual imposition, a misdemeanor of the third degree, in violation of R.C. 2907.06. Hanna pleaded not guilty. The matter proceeded to a bench trial where the following evidence was adduced.

{¶3} The State presented testimony from the victim and the investigating detective. Multiple exhibits were also admitted, including video footage from three security cameras from inside Giant Eagle that captured the incident.

{¶4} The victim, L.L., testified that on March 15, 2023, she was working at the customer service desk for Giant Eagle. L.L. testified, that while she was working, a man later identified as Hanna, visited the customer service desk to purchase a lottery ticket. L.L. testified that while

making his purchase, the man asked L.L for good luck on the ticket. In response L.L. moved her hand and fingers over the tickets in a playful gesture to bring good luck. L.L. testified that the man took the ticket from L.L., "reached over the counter and rubbed the lottery ticket on [her] breast for what he said was good luck." The security camera footage shows a man reach across the counter and touch L.L.'s chest. L.L. testified that she was "shocked" and "taken aback." L.L. testified that Hanna saw her face and said "I guess not[,]" then walked away. L.L testified that she did not know Hanna prior to this incident.

{¶5}   L.L. also testified about a second incident that occurred three or four weeks later. L.L. testified that when she walked into the store to start her shift, Hanna approached her and said, "I have a bone to pick with you." L.L. testified that she told him he would have to wait because she was not clocked in yet. A few minutes later, she started her shift behind the service desk. L.L. testified that Hanna again wanted to purchase a lottery ticket. She further testified that after she sold Hanna a ticket, he said "by the way, I'm the one that rubbed my lottery tickets all over your tits and I didn't win anything." L.L. testified that she asked Hanna to leave and immediately reported the second incident to her supervisor.

{¶6}   The State also called Detective Breeden from the Summit County Sheriff's Office. Detective Breeden testified that Giant Eagle identified Hanna using its customer loyalty perks program. Detective Breeden also testified that he reviewed the security footage that captured the first incident. Detective Breeden indicated that he interviewed Hanna and testified that when he asked Hanna about the first incident, Hanna stated that "he meant it only as a joke, and he did not mean to offend anybody or do anything else."

{¶7}   Hanna testified on his own behalf at trial. Hanna stated that he "tapped the ticket on her chest." He testified that he "wasn't aiming for anything." He testified, "I just wanted contact

between her and the ticket, for like lady luck type of thing . . . somehow in my head, contact was needed for the transfer of the luck. It's silly, but that's what I was thinking."

{¶8} After hearing the evidence, the trial court found Hanna guilty of sexual imposition. The trial court sentenced Hanna to a $100.00 fine, court costs, sixty suspended days in jail, and to register as a Tier I sexual offender. Hanna now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING OF GUILTY ON THE SOLE CHARGE OF SEXUAL IMPOSITION IN VIOLATION OF O.R.C. 2907.06(A)(l), A THIRD-DEGREE MISDEMEANOR, AND DEFENDANT-APPELLANT'S CONVICTION OF THAT OFFENSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶9} Hanna argues in his sole assignment of error that his conviction is against both the sufficiency and manifest weight of the evidence. In presenting his arguments, Hanna has not separately argued sufficiency and manifest weight. This Court has recently stated:

> "[S]ufficiency and manifest weight are separate and distinct questions, and this Court has repeatedly noted that it is not appropriate to combine sufficiency and manifest weight arguments within a single discussion." *State v. Zappa*, [ ] 2022-Ohio-243, ¶ 6 [(9th Dist.)], citing *State v. Seibert*, [ ] 2012-Ohio-3069, [ ] ¶ 13 [(9th Dist.)], quoting *State v. Vincente-Colon*, [ ] 2010-Ohio-6242, [ ] ¶ 18 [(9th Dist.)], and *State v. Mukha*, [ ] 2018-Ohio-4918, [ ] ¶ 11 [(9th Dist.)]. *See also* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to . . . argue the assignment separately in the brief[.]"); Loc.R. 16(A)(7) ("Each assignment of error shall be separately discussed . . . ."). "Moreover, 'these concepts differ both qualitatively and quantitatively.'" *Zappa* at ¶ 6, quoting *State v. Wilson*, [ ] 2007-Ohio-2202, ¶ 25.

*State v. Mingo*, 2024-Ohio-543, ¶ 28 (9th Dist.). "To aid the administration of justice, however, we choose to exercise our discretion and will separately consider [Hanna's] combined arguments." *Id.*

**Sufficiency of the Evidence**

{¶10} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶11} The trial court found Hanna guilty of sexual imposition, in violation of R.C. 2907.06. The former version of R.C. 2907.06 that applies to this case reads in relevant part, "No person shall have sexual contact with another, not the spouse of the offender . . . when . . . [t]he offender knows that the sexual contact is offensive to the other person . . . or is reckless in that regard." Former R.C. 2907.06(A)(1). R.C. 2907.01(B) defines "[s]exual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A). Hanna asserts that the State failed to present sufficient evidence that he touched L.L. for the purpose of sexually arousing or gratifying himself or L.L.

{¶12} "A person's purpose or intention may be proven through direct or circumstantial evidence." *State v. Persinger*, 2014-Ohio-4125, ¶ 5 (9th Dist.). "[I]n the absence of direct

testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Antoline*, 2003-Ohio-1130, ¶ 64 (9th Dist.), quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist. 1991). "From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim." *Cobb* at 185.

**{¶13}** At trial, L.L. testified that Hanna "reached over the counter and rubbed the lottery ticket on [her] breast. . . ." Video footage from three security cameras captured the incident. L.L. testified that she did not know Hanna. L.L. also testified about a second incident weeks later. L.L. testified that during this second incident, Hanna purchased a lottery ticket and then said, "by the way, I'm the one that rubbed my lottery ticket all over your tits and I didn't win anything." Detective Breeden testified that Hanna admitted to touching L.L.'s chest, but that he meant it only as a joke.

**{¶14}** Viewing the evidence in a light most favorable to the State, we conclude that there was sufficient evidence from which a rational trier of fact could infer that Hanna touched L.L.'s breast for the purpose of sexual arousal or gratification. A trier of fact could reasonably infer that Hanna touched L.L.'s breast for the purpose of sexual arousal or gratification. *See Antoline* at ¶ 64. Hanna's sufficiency of the evidence argument, as asserted in his sole assignment of error, is overruled.

**Manifest Weight of the Evidence**

**{¶15}** When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier

of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Warren*, 2020-Ohio-6990, ¶ 25 (9th Dist.), quoting *State v. Tolliver*, 2017-Ohio-4214, ¶ 15 (9th Dist.). Hanna asserts that the manifest weight of the evidence does not support his conviction because the State failed to prove he touched L.L.'s chest for the purpose of sexual gratification or arousal.

**{¶16}** Having reviewed the record, we cannot conclude that this is the exceptional case where the evidence weighs heavily against Hanna's convictions. *See Croghan* at ¶ 26. The trial court heard testimony from Hanna himself that he touched L.L.'s chest. While Hanna testified that he "wasn't aiming for anything[,]" and that he "just wanted contact between her and the ticket, for like lady luck . . ." the trier of fact was in the best position to judge the credibility of Hanna's claim regarding his purpose for touching L.L.'s breast. *See Antoline* at ¶ 64. The trier of fact could reasonably infer that Hanna touched L.L.'s breast for the purpose of sexual arousal or gratification. *See Cobb* at 185. This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *Warren* at ¶ 25. Hanna has not shown this is an exceptional case where the evidence weighs heavily against his convictions. *See Otten* at 340.

**{¶17}** Hanna's sole assignment of error is overruled.

III.

**{¶18}** Hanna's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

KELLY L. PARKER, Assistant Prosecuting Attorney, for Appellee.