[Cite as *State v. Rushcak*, 2025-Ohio-2303.]

## IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,
CITY OF KENT,

      Plaintiff-Appellee,

- vs -

JOHN JAMES RUSCHAK,

      Defendant-Appellant.

CASE NO. 2024-P-0061

Criminal Appeal from the
Municipal Court, Kent Division

Trial Court No. 2024 CRB 00020 K

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, OH 44333 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, John J. Ruschak, appeals his conviction for Sexual Imposition. For the following reasons, the conviction is affirmed.

{¶2} On January 5, 2024, a Complaint was filed against Ruschak in the Kent Branch of the Portage County Municipal Court, charging him with Sexual Imposition, a misdemeanor of the third degree in violation of former R.C. 2907.06(A)(1).

{¶3} On July 29, 2024, a bench trial was held at which the following testimony was presented:

{¶4}    Officer Michael Rhodes, a patrol officer for Brimfield Township, testified that on January 2, 2024, he was dispatched to the Circle K on Tallmadge Road in response to a reported sexual offense.  The Circle K manager provided Rhodes with video footage of the incident which was introduced into evidence.  Rhodes described the content of the video thus: "[It] showed Mr. Ruschak in line at the self-checkout area paying for some items.  You can see [the victim] at the checkout.  As Mr. Ruschak finishes and he walks past [the victim] in line, he has his cane in his left hand, reaches over you can see the cane swipe the back of [the victim's] leg and buttocks area."  The contact was brief, "less than a second maybe."

{¶5}    Officer Rhodes subsequently spoke with Ruschak at his residence: "When I asked him the reasoning for what he did he kind of gave me multiple responses similar to what he gave [the victim], stating that he believed that she was somebody else and [he had] difficulty walking, things of that nature."

{¶6}    The victim testified that, on the date in question, she was purchasing coffee at Circle K: "[A]ll of a sudden I felt something on my body, and I spilled my coffee and my first -- I felt so violated I just said who in the 'F' do you think you are touching me, and I said it twice because … I was so angry and so upset because I don't know this guy.  Who does he think he is touching me, and he had kind of stumbled to say something to me and then I heard, I'm sorry, I thought you were somebody else, and at that time the clerk kind of jumped in front of me, and we both went over and got the license plate number on the car, and then he called the police."  She described the contact as "on my inner thigh and up my butt."  Ruschak walked past the victim without speaking.  He stopped when

confronted by the victim. On cross-examination, the victim denied that Ruschak had apologized after the incident.

{¶7} Ruschak was found guilty at the conclusion of the trial. The municipal court sentenced Ruschak to sixty days in jail with sixty days suspended; imposed a fine of $250.00; ordered him to serve six months of supervised probation; and advised him that he must register as a Tier I sexual offender.

{¶8} On October 4, 2024, Ruschak filed a Notice of Appeal. On appeal, he raises the following assignments of error:

> [1.] Appellant's conviction for Sexual Imposition was not supported by sufficient evidence.
>
> [2.] Appellant's conviction for Sexual Imposition was against the manifest weight of the evidence.

{¶9} A challenge to the sufficiency of the evidence raises the issue of "whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 2017-Ohio-9423, ¶ 165. In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶10} In contrast to sufficiency, "weight of the evidence addresses the evidence's effect of inducing belief." (Citation omitted.) *State v. Wilson*, 2007-Ohio-2202, ¶ 25. An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶11} In order to convict Ruschak of Sexual Imposition, the State was required to prove beyond a reasonable doubt that he had "sexual contact with another … when … [he knew] that the sexual contact [was] offensive to the other person … or [was] reckless in that regard." Former R.C. 2907.06(A)(1). "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶12} With respect to sufficiency, the evidence readily demonstrates that Ruschak touched the erogenous zone of another when he knew it would be offensive to the other person or was reckless in that regard. The victim's testimony that Ruschak touched her "inner thigh and up my butt" establishes these elements. There is no question that these parts of the body constitute erogenous zones and that the victim and Ruschak were strangers, i.e., that Ruschak had no right or justification for touching her in that way. *State v. Stroud*, 2018-Ohio-904, ¶ 19 (11th Dist.) ("Stroud and [the victim] do not share an intimate relationship, and [the victim] did nothing that would indicate to Stroud that such contact [grabbing her buttocks including her pubic region] would be welcomed, desired, or otherwise tolerated"). Moreover, the video of the incident, while not conclusive as to exactly where Ruschak touched the victim, certainly corroborates her testimony and so satisfies the requirement that a conviction be supported by other evidence beyond the victim's testimony. R.C. 2907.06(B) ("[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence"); *State v.*

*Economo*, 76 Ohio St.3d 56 (1996), syllabus ("[s]light circumstances or evidence which tends to support the victim's testimony is satisfactory").

{¶13} The arguable issue is whether there was sufficient evidence that Ruschak touched the victim "for the purpose of sexually arousing or gratifying either person." As is often the case, there is no direct evidence of Ruchak's motivation for touching the victim and this element must necessarily be proved by circumstantial evidence. *State v. Breland*, 2004-Ohio-7238, ¶ 24 (11th Dist.) ("[i]t is sufficient to present circumstantial evidence from which the finder of fact can infer the purpose of the act was for sexual gratification; no direct evidence of the accused's mental state is required") (citation omitted); *State v. Tullio*, 2025-Ohio-206, ¶ 23 (7th Dist.) ("[t]here need not be direct testimony regarding sexual arousal or gratification in order to sustain a conviction"). "Whether a touching is for the purpose of sexual gratification or arousal is a question of fact to be inferred from the type, nature, and circumstances of the contact." (Citation omitted.) *State v. Anderson*, 2024-Ohio-1006, ¶ 25 (11th Dist.); *State v. Mack*, 2023-Ohio-4374, ¶ 62 (11th Dist.).

{¶14} The statute does not provide a definition of "sexually arousing or gratifying," however, appellate courts typically construe the statute as contemplating "any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." *Tullio* at ¶ 22. We note that there is a certain redundancy in describing sexual contact as the touching of an erogenous zone for the purpose of sexual arousal or gratification inasmuch as "erogenous zone" is defined as "a sensitive area on the body that causes sexual arousal when it is touched." *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/erogenous%20zone (accessed Jun. 11,

Case No. 2024-P-0061

2025); *see State v. Ackley*, 2002-Ohio-6002, ¶ 14 (C.P. Lake) ("[i]n the context of R.C. 2907.01(B), this court defines 'erogenous zone' to mean any part of the human anatomy that, when touched by another, is perceived by the offender, or by the victim, or by a reasonable person, as being sexually arousing or gratifying to either the offender or the victim"). Thus, "[a] sexual purpose can be inferred from the nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim." (Citation omitted.) *State v. Victor*, 2022-Ohio-4159, ¶ 26 (11th Dist.). "The relevant inquiry is would an ordinary prudent person or a reasonable person sitting as a juror perceive from the defendant's actions, and all of the surrounding facts and circumstances, that *the defendant's purpose* or specific intention was arousal or gratification of sexual desire?" (Citation omitted.) *Id.*

{¶15} We find the evidence in the present case sufficient to prove that Ruschak touched the victim for the purpose of sexual arousal or gratification. There is uncontroverted evidence that Ruschak touched the victim in an erogenous zone and did so intentionally. The victim testified that she was touched in a sexually sensitive area, it was offensive, and she felt violated. The video depicts Ruschak glancing at the victim a couple of times while bagging his groceries. He walks behind her with his cane in his left hand (he is not using the cane for support). As he passes (the victim is on his right side) he reaches around and uses the head of the cane to touch her buttocks and/or inner thigh without otherwise stopping to speak with or acknowledge the victim. The contact is brief and discreet. There is no suggestion that the touch was inadvertent or involuntary. Given the foregoing, a reasonable person could conclude that Ruschak touched the victim in her buttocks and inner thigh because these were sexually sensitive areas and, therefore,

his motivation was sexual arousal or gratification. *State v. Armstead*, 2021-Ohio-4000, ¶ 14 (1st Dist.) ("[c]ourts have held that the sexual arousal or gratification element 'may be inferred when there is no innocent, i.e., nonsexual, explanation for the offender's conduct'") (citations omitted). Moreover, it is immaterial that the victim was offended rather than aroused or that Ruschak was not aroused. A conviction "does not require proof of actual arousal or gratification." (Citations omitted.) *State v. Slusarczyk*, 2024-Ohio-4790, ¶ 66 (8th Dist.). "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." (Citations omitted.) *Id.*

{¶16} We acknowledge Ruschak's point that "[a] touching alone is not sufficient for a conviction," although "it can be strong evidence of intent." (Citation omitted.) *State v. Huffman*, 2024-Ohio-889, ¶ 48 (11th Dist.). However, it is also the case that "the trier of facts may infer what the defendant's motivation was in making physical contact with the victim" from "the type, nature and circumstances of the contact." (Citation omitted.) *Slusarczyk* at ¶ 66; *State v. Hanna*, 2024-Ohio-4737, ¶ 12 (9th Dist.). In addition to the touch, the municipal court as the trier of fact in the present case could consider that Ruschak and the victim were strangers, he touched the victim in a sexually sensitive part of her body without permission, the contact was discreet and surreptitious, and there was no apparent innocent explanation for Ruschak's conduct (inasmuch as it was of a sexual nature).

{¶17} Finally, we note that other courts have found sufficient evidence of a purpose to sexually arouse or gratify to sustain a conviction in similar circumstances. *See*

*State v. Goodykoontz*, 2023-Ohio-3243, ¶ 31 (8th Dist.) ("a reasonable juror could infer that Goodykoontz's actions constituted strong evidence of intent of sexual gratification" where "Goodykoontz repeatedly stared at [the victim]; made eye contact with him; walked past [him] when there was no one else in the aisle; and slid a hand across [his] buttocks"); *Hanna* at ¶ 13-14 ("[a] trier of fact could reasonably infer that Hanna touched L.L.'s breast for the purpose of sexual arousal or gratification" where he "reached over the counter and rubbed the lottery ticket on [her] breast" despite the claim "that he meant it only as a joke"); *State v. Rasheed*, 2023-Ohio-906, ¶ 29 (1st Dist.) ("[t]he evidence was sufficient to show that Rasheed made unwanted sexual contact with G.G. on multiple occasions" where "[t]he video shows Rasheed pressing his pelvic area against G.G.'s backside" and "that he had ample room to avoid touching her [o]r he could have maneuvered through the restaurant via a different path"); *State v. Pokhrel*, 2024-Ohio-3073, ¶ 47-48 (5th Dist.) (finding sufficient evidence that "the appellant's actions were for purposes of sexual arousal or gratification" where "appellant traced a name tag on [the victim's] breast area and brushed food particles from her breast area" and "touched her buttocks area and attempted to touch her vaginal area while remarking on how much 'meat' she had on her body").

{¶18} In contrast to the foregoing authorities, we note that the court of appeals in *In re Redmond*, 2007-Ohio-3125 (3d Dist.), found insufficient evidence of a sexual motivation where the offender on two occasions lifted the victim's skirt and touched her vaginal area, buttocks and/or thigh:

> The magistrate stated, "[t]his hearing officer cannot imagine any other purpose motivating a person to touch someone's 'reproductive area' apart from that person's desire to arouse or gratify himself or the other person." Although the magistrate cannot think

Case No. 2024-P-0061

of any other reasons for this behavior, this court can. M.C. testified that she was shocked, upset, and embarrassed. Redmond's intent may have been to shock, upset, and/or embarrass the victim, particularly when she chastised him after the first incident. He may have been trying to make a joke, albeit a bad one. He may have been trying to impress his friends with crass behavior. There are many reasons why Redmond may have engaged in this behavior other than for sexual arousal or sexual gratification. In fact, the assistant principal testified that Redmond was known to be somewhat of a "clown." Furthermore, unlike many sexual offenses, which occur in private or semi-private settings, the evidence was clear that Redmond reached under M.C.'s skirt in the hallways of a public high school between classes and when his friends and her friends were present.

*Id.* at ¶ 10.

{¶19} We find the *Redmond* case distinguishable. There are no circumstances in the present case which suggest that Ruschak was joking, showing off, or trying to embarrass the victim. On the contrary, Ruschak behaved in a way calculated to avoid drawing attention to his conduct.

{¶20} With respect to the manifest weight of the evidence, Ruschak argues that the video evidence contradicts the victim's testimony; that the victim lacks credibility in that she testified inconsistently regarding whether Ruschak apologized for the incident; and that Ruschak's statements that he thought the victim was someone else and has difficulty walking are credible. The points raised by Ruschak do weigh in his favor although they do not convince this Court that his conviction constitutes a manifest miscarriage of justice.

{¶21} The video evidence does not contradict the victim's testimony but does not confirm it either. It corroborates the victim's testimony inasmuch as it shows Ruschak touching the victim with his cane around her buttocks, although it cannot be determined from the video precisely where the contact occurred. The victim's reaction to the contact

Case No. 2024-P-0061

is certainly consistent with her testimony that he touched her in a sexually sensitive area. The video demonstrates that Ruschak may have had difficulty walking but also demonstrates that he was not using or trying to use the cane to walk when he touched the victim. If Ruschak thought the victim was someone else, as he claimed to Officer Rhodes and the victim, it would be at least arguable that he was not reckless as to whether the contact was offensive. However, there is no compelling reason to credit Ruschak's claim of mistaken identity. The video shows Ruschak looking at the victim while he was standing beside her. He did not greet or speak with the victim or otherwise act as if he had any familiarity with her. Moreover, the fact that Ruschak claimed that he thought the victim was someone else suggests that his conduct was not appropriate conduct for a stranger. On balance, the evidence weighs in favor of Ruschak's conviction.

{¶22} The assignments of error are without merit.

{¶23} For the foregoing reasons, Ruschak's conviction for Sexual Imposition is affirmed. Costs to be taxed against the appellant.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Portage County Municipal Court, Kent Division, is affirmed. Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-P-0061