[Cite as *In re J.C.*, 2026-Ohio-818.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY


IN THE MATTER OF J.C.,

A DELINQUENT CHILD.


**OPINION AND JUDGMENT ENTRY**
**Case No. 25 JE 0018**


Juvenile Appeal from the
Court of Common Pleas, Juvenile Division, of Jefferson County, Ohio
Case No. 2025-DL-00063

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.


**JUDGMENT:**
Affirmed.


*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. Bernard C. Battistel,* Assistant Prosecuting Attorney, for Appellee and

*Atty. Richard Hixson,* for Appellant.


Dated: March 11, 2026

**DICKEY, J.**

**{¶1}** Appellant, J.C., an adjudicated delinquent child, appeals from the August 20, 2025 judgment of the Jefferson County Court of Common Pleas, Juvenile Division, finding him guilty of sexual imposition, adjudicating him a delinquent child, and sentencing him to a minimum of 90 days probation following a contested hearing. On appeal, Appellant asserts the juvenile court erred in finding him guilty of sexual imposition and adjudicating him a delinquent child against the sufficiency and manifest weight of the evidence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 23, 2025, an alleged delinquent child complaint was filed against Appellant, (d.o.b. 1/26/2014), charging him with one count of sexual imposition, a misdemeanor of the third degree in violation of R.C. 2907.06(A) and (C). Appellant was appointed counsel and a denial was entered at his initial appearance.

**{¶3}** A contested hearing was held on August 18, 2025. Appellee, the State of Ohio, called two witnesses: (1) Corey Virtue, a detective with the Jefferson County Sheriff's Office ("Detective Virtue"); and (2) L.S., Appellant's fifth-grade classmate ("the victim").

**{¶4}** At that hearing, it was revealed that law enforcement responded to a call at Stanton Elementary School regarding an incident which occurred in the lunchroom between Appellant and the victim. Several juveniles were seated at a lunch table. Two juveniles heard Appellant say, "[g]ive me those balls," before Appellant reached down and grabbed the victim's private region. (8/18/2025 Contested Hearing Tr., p. 17). One of the juveniles notified the lunch proctor.

**{¶5}** During the investigation, Detective Virtue interviewed four juvenile witnesses plus the victim. Detective Virtue determined that two juveniles heard Appellant make the statement, at least one of those juveniles also saw the touching, and the victim advised Detective Virtue that Appellant grabbed his private region. Specifically, the following exchange took place between the prosecutor and Detective Virtue on direct examination:

Q:     [D]id [the victim] advise that [Appellant] grabbed his private region?

A:     Yes, he did.

Q:     Okay. Did at least another of the four juveniles that you interviewed advise that he witnessed . . . [Appellant] grab [the victim's] private area?

A:     Yes.

Q:     Okay. And how many juveniles advised that they heard [Appellant] say, "Give me those balls"?

A:     Two that I believe.

(*Id.* at p. 18).

{¶6}    The victim testified Appellant grabbed his arm then tried to touch his "private parts" before he pushed Appellant away. (*Id.* at p. 33). The victim stated that a classmate told the lunch proctor because Appellant was trying to touch the victim "inappropriately." (*Id.* at p. 35). When questioned further regarding what "inappropriately" means to him, the victim responded, Appellant "was trying to touch my private parts." (*Id.*). The victim was asked other questions to which he answered at least ten times that he could not remember. *See* (*Id.* at p. 25, 29-34, 38).

{¶7}    After the State rested, Appellant testified in his defense. Appellant stated he did not inappropriately touch the victim in his privates but rather was "tickling" him on his side and stomach. (*Id.* at p. 43). However, neither the victim nor any of the four witnesses interviewed mentioned anything about tickling. Appellant also said he never grabbed the victim's arm. Appellant claimed he never made the statement, "[g]ive me those balls," to the victim. (*Id.* at p. 47).

{¶8}    On August 20, 2025, the juvenile court found Appellant guilty of sexual imposition as charged, adjudicated him a delinquent child, and sentenced him to a minimum of 90 days probation. The court ordered that Appellant have no contact with

the victim, attend school daily and complete all assignments in a timely manner, and continue mental health counseling and follow all recommendations.

{¶9}   Appellant filed a timely appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN ADJUDICATING J.C. A DELINQUENT CHILD, AS THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN AN ADJUDICATION OF DELINQUENCY FOR SEXUAL IMPOSITION UNDER R.C. 2907.06.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN ADJUDICATING J.C. A DELINQUENT CHILD, AS SUCH AN ADJUDICATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶10}   In his first assignment of error, Appellant argues the juvenile court erred in finding him guilty of sexual imposition and adjudicating him a delinquent child against the sufficiency of the evidence.   In his second assignment of error, Appellant contends the court erred in finding him guilty of sexual imposition and adjudicating him a delinquent child against the manifest weight of the evidence.   Because these assignments are interrelated, we will consider them together for ease of discussion.

> "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"   *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In determining whether a criminal conviction is against the manifest weight of the evidence, an Appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 119. . . .

The weight to be given to the evidence and the credibility of the witnesses are nonetheless issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

*State v. T.D.J.*, 2018-Ohio-2766, ¶ 46-48 (7th Dist.).

{¶11} "'[C]ircumstantial evidence and direct evidence inherently possess the same probative value.'" *State v. Biros*, 78 Ohio St.3d 426, 447 (1997), quoting *Jenks*, 61 Ohio St.3d 259, paragraph one of the syllabus.

{¶12} For the reasons addressed below, we determine the judgment is not against the manifest weight of the evidence and further conclude it is supported by sufficient evidence.

{¶13} Appellant takes issue with the juvenile court adjudicating him a delinquent child after finding him guilty of sexual imposition in violation of R.C. 2907.06(A) and (C), which states:

(A) No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when the offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

Case No. 25 JE 0018

. . .

(C) Whoever violates this section is guilty of sexual imposition, a misdemeanor of the third degree.

R.C. 2907.06(A) and (C).

**{¶14}** "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

**{¶15}** Appellant asserts there is insufficient evidence to show that his contact with the victim was "sexual contact," i.e., an actual touching of the victim's "private parts" "for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B); (12/1/2025 Appellant's Brief, p. 7, 10).

**{¶16}** Again, several juveniles were seated at a lunch table at Stanton Elementary School. Two juveniles heard Appellant say, "[g]ive me those balls," before Appellant reached down and grabbed the victim's private region. (8/18/2025 Contested Hearing Tr., p. 17). One of the juveniles notified the lunch proctor.

**{¶17}** During the investigation, Detective Virtue interviewed four juvenile witnesses plus the victim. Detective Virtue determined that two juveniles heard Appellant make the statement, at least one of those juveniles also saw the touching, and the victim advised Detective Virtue that Appellant grabbed his private region. Specifically, the following exchange took place between the prosecutor and Detective Virtue on direct examination:

> Q: [D]id [the victim] advise that [Appellant] grabbed his private region?
>
> A: Yes, he did.
>
> Q: Okay. Did at least another of the four juveniles that you interviewed advise that he witnessed . . . [Appellant] grab [the victim's] private area?

A: Yes.

Q: Okay. And how many juveniles advised that they heard [Appellant] say, "Give me those balls"?

A: Two that I believe.

(*Id.* at p. 18).

**{¶18}** Thus, there was sufficient evidence presented which readily demonstrates that Appellant touched an erogenous zone of the victim, to wit: his genitals and/or his pubic region, when Appellant knew it would be offensive to the victim or was reckless in that regard. *See* R.C. 2907.01(B); R.C. 2907.06(A); *State v. Ruschak*, 2025-Ohio-2303, ¶ 12 (11th Dist.).

**{¶19}** After finding sexual contact, we will next examine the evidence presented regarding Appellant's purpose. "Because the Ohio Revised Code does not define 'sexual arousal' or 'sexual gratification,' courts have grappled with the subject." *State v. Pokhrel*, 2024-Ohio-3073, ¶ 44 (5th Dist.).

> While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition and sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. *See In re D.S.,* Warren App. Nos. CA2004-04-036 and CA2004-04-046, 2005-Ohio-1803, ¶ 19, citing *In re Anderson* (1996), 116 Ohio App.3d 441, 444, 688 N.E.2d 545. Whether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. *Anderson* at 443-444, 688 N.E.2d 545; *State v. Mundy* (1994), 99 Ohio App.3d 275, 289, 650 N.E.2d 502. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. *Id*.; *State v. Cobb* (1991), 81 Ohio App.3d 179, 610 N.E.2d 1009.

*State v. Meredith*, 2005-Ohio-062, ¶ 13 (12th Dist.).

Case No. 25 JE 0018

**{¶20}** Appellant's motivation for touching the victim and this element of purpose for sexual arousal or gratification may be proven by circumstantial evidence. *Ruschak* at ¶ 13, citing *State v. Breland*, 2004-Ohio-7238, ¶ 24 (11th Dist.) ("'[it] is sufficient to present circumstantial evidence from which the finder of fact can infer the purpose of the act was for sexual gratification; no direct evidence of the accused's mental state is required') (citation omitted)[.]"

**{¶21}** As stated, the victim testified Appellant grabbed his arm then tried to touch his "private parts" before he pushed Appellant away. (8/18/2025 Contested Hearing Tr., p. 33). The victim stated that a classmate told the lunch proctor because Appellant was trying to touch the victim "inappropriately." (*Id.* at p. 35). When questioned further regarding what "inappropriately" means to him, the victim responded, Appellant "was trying to touch my private parts." (*Id.*). The victim was asked other questions to which he answered at least ten times that he could not remember. *See* (*Id.* at p. 25, 29-34, 38).

**{¶22}** There is no evidence to establish that Appellant's conduct was accidental, inadvertent, or involuntary. *See In re Whitlock*, 2008-Ohio-4672, ¶ 1, 24 (11th Dist.) (affirming the trial court's finding of the appellant to be a delinquent child due to his commission of the offense of gross sexual imposition); *Ruschak*, 2025-Ohio-2303, at ¶ 15 (11th Dist.).

**{¶23}** In addition, Detective Virtue determined that two juveniles heard Appellant make the statement, "[g]ive me those balls," at least one of those juveniles also saw the touching in the victim's erogenous zone, and the victim advised Detective Virtue that Appellant grabbed his private region. (8/18/2025 Contested Hearing Tr., p. 17). The trier of fact could infer from Appellant's vulgar statement that the motivation for his actions was the desire for sexual arousal or gratification. *See In re Whitlock* at ¶ 24; *Ruschak* at ¶ 15, quoting *State v. Armstead*, 2021-Ohio-4000, ¶ 14 (1st Dist.) ("'[c]ourts have held that the sexual arousal or gratification element "may be inferred when there is no innocent, i.e., nonsexual, explanation for the offender's conduct"') (citations omitted)."

**{¶24}** It is immaterial that the victim was offended instead of aroused or that Appellant was not aroused. *Ruschak* at ¶ 15.

A conviction "does not require proof of actual arousal or gratification." (Citations omitted.) *State v. Slusarczyk*, 2024-Ohio-4790, ¶ 66 (8th Dist.).

"If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." (Citations omitted.) *Id.*

*Ruschak* at ¶ 15.

{¶25} In contrast to the foregoing authorities, Appellant cites to *In re Redmond*, 2007-Ohio-3125 (3d Dist.) in support of his position that the juvenile court erred in finding him guilty of sexual imposition. In that case, the juvenile put his hand up the victim's skirt and touched her vaginal area, as well as her upper thigh or buttocks, while they were walking in the halls of their school between classes. *Id.* at ¶ 2, 9. There was some conflict as to whether the juvenile used his hand or a book when he lifted the victim's skirt. *Id.* at ¶ 9. The juvenile testified he was just joking and "playing around" and "was not thinking in a sexual manner." *Id.* In fact, the assistant principal testified that the juvenile was known to be somewhat of a "clown." *Id.* at ¶ 10. The juvenile court reversed and remanded, finding insufficient evidence of sexual imposition. *Id.* at ¶ 11-12. Unlike *In re Redmond*, there is no evidence in the present case which establishes that Appellant is known to be a "clown," that he was just joking or playing around, or was not thinking in a sexual manner.

{¶26} Pursuant to *Jenks,* 61 Ohio St.3d 259, as addressed, there is sufficient evidence upon which the trier of fact could reasonably conclude beyond a reasonable doubt that the elements of sexual imposition were proven.

{¶27} Also, the trier of fact chose to believe the State's witnesses, namely Detective Virtue. *DeHass,* 10 Ohio St.2d 230, paragraph one of the syllabus. Based on the evidence presented, as previously stated, the trier of fact did not clearly lose its way in adjudicating Appellant a delinquent child after finding him guilty of sexual imposition in violation of R.C. 2907.06(A) and (C). *Thompkins,* 78 Ohio St.3d at 387.

{¶28} Appellant's first and second assignments of error are without merit.

## CONCLUSION

{¶29} For the foregoing reasons, Appellant's assignments of error are not well-taken. The August 20, 2025 judgment of the Jefferson County Court of Common Pleas, Juvenile Division, finding Appellant guilty of sexual imposition, adjudicating him a delinquent child, and sentencing him to a minimum of 90 days probation following a contested hearing is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 25 JE 0018

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**